J-A27041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH BERNARD FITZPATRICK, III | : | No. 554 MDA 2023 |

Appeal from the Order Entered March 20, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002534-2014

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: MARCH 12, 2026**

This matter concerns an appeal to this Court by the Commonwealth from the March 20, 2023, order denying the Commonwealth's request to present certain evidence and testimony in the trial against Defendant, Joseph Bernard Fitzpatrick, III. At the bequest of our Supreme Court, we hereby remand this matter to the trial court to continue pretrial proceedings consistent with this memorandum.

This case, involving the 2012 death of Defendant's wife, Annemarie Fitzpatrick, has an extensive procedural history spanning more than a decade. By way of background, a March 2015 jury trial resulted in Defendant being convicted of first-degree murder. In September 2015, the trial court

_____

[*] Former Justice specially assigned to the Superior Court.

determined that the evidence was insufficient to support a murder conviction and granted Defendant a judgment of acquittal. In 2017, this Court reversed the trial court's grant of Defendant's motion for judgment of acquittal. Once Defendant's sentence was reinstated, he again appealed to this Court contesting the admissibility of two pieces of evidence. In 2019, this Court held that the evidence was properly admitted.

The Defendant filed a petition for allowance of appeal which the Pennsylvania Supreme Court granted. In 2021, the Pennsylvania Supreme Court found the evidence to have been admitted in error and ordered a new trial. The case was remanded to the York County Court of Common Pleas.

In June 2022, leading up to the new trial, the Commonwealth filed a motion *in limine* for the admission of certain evidence. On March 20, 2023, the trial court issued an order granting in part and denying in part the Commonwealth's pre-trial motions. Relevantly, the trial court denied the Commonwealth's request to present crime scene reconstruction evidence by Corporal Thierwetcher, and testimony relating to the cause and manner of death by expert witness, Dr. Caruso. This is the order that led to the Commonwealth's 2023 appeal to this Court.

Following careful consideration of the issues the Commonwealth raised on appeal, this Court issued a published opinion on May 17, 2024, reversing the trial court's denial to present the crime scene reconstruction evidence and Dr. Caruso's testimony as to cause and manner of death. We determined,

under the applicable standard of review and legal principles, that the crime scene reconstruction evidence was relevant and the conditions of the reconstruction experiment were sufficiently similar to the actual crime scene. **Commonwealth v. Fitzpatrick**, 316 A.3d 987, 997 (Pa. Super. 2024). We further decided that Dr. Caruso's expert opinion that Annemarie's manner of death was homicide had an adequate basis in fact. **Id.** at 1005. We found that he held his opinion as to manner of death to the same standard that medical examiners use, *i.e.*, that it was "more-likely-than-not," or "probable," which we found to be a sufficient degree of medical certainty. Accordingly, we reversed in part the trial court's order and held that both Corporal Thierwetcher's crime scene reconstruction evidence and Dr. Caruso's manner of death testimony was admissible.

Defendant subsequently filed a petition for allowance of appeal with our Supreme Court. Thereafter, on November 24, 2024, our Supreme Court granted the petition for allowance of appeal to address Dr. Caruso's manner of death testimony and the requisite degree of certainty for such testimony. Specifically, the Court granted allocatur to hear the following issues:[1]

> (1) Did the Superior Court err, and contravene this Court's and its own controlling precedent, when it ruled that an expert witness hired years after a death could opine that the manner of death was homicide and not have to hold that opinion to a reasonable degree of certainty, a standard [Dr. Caruso] himself admitted was not met, saying "It is not held to a reasonable degree of scientific

---

[1] Corporal Thierwetcher's crime scene reconstruction evidence was not at issue on appeal to the Supreme Court.

certainty. It is more likely than not. Given the information I have on this case, I think the manner of death was homicide."?

(2) Did the Superior Court err when it used a standard of "probable" for determining manner of death when that standard was legislatively set for coroners' reports and not for use at trial, a point omitted by the Superior Court majority?

*Commonwealth v. Fitzpatrick,* No. 273 MAL 2024 (Pa. filed 11/26/24 (*per curiam order*).

The High Court issued an opinion on January 21, 2026, determining that manner of death testimony must be stated by an expert with a reasonable degree of scientific certainty, and that an expert's "more-likely-than-not" or "probable" opinion is insufficient to meet that standard. ***Commonwealth v. Fitzpatrick,*** \_\_\_ A.3 \_\_\_, 2026 WL 157732, *20 (Pa. filed 1/21/16). Finding Dr. Caruso's testimony to fall below the requisite standard, our Supreme Court reversed the portion of this Court's opinion pertaining to manner of death expert testimony which had found Dr. Caruso's opinion sufficient to meet the requisite standard of certainty. The Supreme Court remanded to this Court "for further proceedings consistent with this opinion." ***Id.*** at 48.

Based on the foregoing, we remand this matter to the trial court to continue pretrial proceedings. Consistent with this Court's 2024 opinion, the part of the trial court's March 20, 2023, order denying the Commonwealth's request to present Corporal Thierwetcher's crime scene reconstruction evidence is reversed. Consistent with our Supreme Court's 2026 opinion, the

part of the trial court's March 20, 2023, order denying the Commonwealth's request to include Dr. Caruso's testimony is affirmed.

Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/12/2026